I.D. 6184814

File No.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **OFFICER A. BARRIOS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 12 CV 2795 |
| | ) |
| **OFFICER ZOHFELD, individually and as** | ) |
| **agent, servant or employee of the Village of** | ) |
| **Midlothian, OFFICER GULLI individually** | ) |
| **and as agent, servant or employee of the Village** | ) |
| **of Midlothian and the VILLAGE OF** | ) |
| **MIDLOTHIAN, a municipal corporation,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

**NOW COMES** the Plaintiff, DAVID BARRIOS ("hereinafter referred to as "BARRIOS"), by and through his attorney, ZANE D. SMITH ZANE D. SMITH & ASSOCIATES, LTD., and complaining of Defendants, OFFICER ZOHFELD, individually and as agent, servant or employee of VILLAGE OF MIDLOTHIAN, OFFICER GULLI, individually and as agent, servant or employee of VILLAGE OF MIDLOTHIAN, and VILLAGE OF MIDLOTHIAN, a municipal corporation:

## JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §§1331 and 1343 (a); the Constitution of the United States; and supplementary jurisdiction, as codified in 28 U.S.C. §1367(a).

## PARTIES

2. DAVID BARRIOS, is, and at all times material was, a citizen of the State of Illinois and the United States.

3. OFFICER ZOHFELD was employed by VILLAGE OF MIDLOTHIAN (hereinafter referred to as "MIDLOTHIAN"), on April 16, 2011, the date DAVID BARRIOS alleges said employee committed the misconduct complained of herein.

4. OFFICER GULLI was employed by MIDLOTHIAN, on April 16, 2011, the date DAVID BARRIOS alleges said employee committed the misconduct complained of herein.

5. MIDLOTHIAN is a duly incorporated municipal corporation and is the employer of the above referenced Defendants, OFFICER ZOHFELD. At all times material to this Complaint, OFFICER ZOHFELD was acting under color of state law, ordinance and/or regulation, statutes, customs and usage of MIDLOTHIAN.

6. MIDLOTHIAN is a duly incorporated municipal corporation and is the employer of the above referenced Defendant, OFFICER GULLI. At all times material to this Complaint, OFFICER GULLI was acting under color of state law, ordinance and/or regulation, statutes, customs and usage of MIDLOTHIAN.

## FACTS COMMON TO ALL COUNTS

7. At all times, it was the duty of Defendant, VILLAGE OF MIDLOTHIAN, to properly train its officers so as to avoid the use of unreasonable force.

8. On April 16, 2011 Plaintiff was traveling with relatives in two separate vehicles on Pulaski Road at or near 148th Street in the Village of Midlothian, County of Cook, State of Illinois.

9. The other vehicle was pulled over by Defendants ZOHFELD and GUILLI and Plaintiff stopped his vehicle and walked to the area where the officers had pulled over the other vehicle and attempted to ascertain if he could be of any assistance.

10. At all times material and relevant, Plaintiff was in the exercise of due care and caution for his own safety, and the safety of others.

11. Immediately the Defendant Officers began to verbally assault Plaintiff as Plaintiff turned to walk away, Defendants, ZOHFELD and GULLI, violently grabbed Plaintiff pushing him to the ground causing severe injuries to Plaintiff.

12. Defendant ZOHFELD proceeded to handcuff Plaintiff and roughly through him into Defendants' Police Vehicle.

13. Thereafter upon arriving that the Midlothian Police Department, Defendants removed Plaintiff from the Police Vehicle and battered upon about his face and torso.

14. At no time on April 16, 2011, was it necessary for Defendants ZOHFELD and GULLI to strike the Plaintiff.

15. The use of excessive force initiated and utilized by Defendants ZOHFELD and GULLI resulted in severe injuries to Plaintiff.

16. The use of force initiated and utilized by Defendants ZOHFELD and GULLI was excessive, unreasonable, unnecessary and willful, and recklessly disregarded the rights of the Plaintiff.

17. Defendants ZOHFELD and GULLI willfully, and with utter disregard for the rights and safety of the Plaintiff, injured the Plaintiff, BARRIOS. Said conduct was performed deliberately; with oppression; with such gross negligence so as to indicate a wanton disregard for the rights of the Plaintiff; and with evil motive and reckless indifference to the rights of the Plaintiff to be free from bodily injury and psychological injury.

18. The use of force initiated and utilized by Defendants ZOHFELD and GULLI, and the failure of other agents or employees of Defendant, MIDLOTHIAN, to intervene in the use of said force, caused an excessive amount of force to be inflicted onto the body of the Plaintiff, causing him to sustain various injuries.

19. As a direct and proximate result of one or more of the aforesaid acts and omissions of the Defendants, ZOHFELD and GULLI, the Plaintiff BARRIOS, sustained serious and permanent injuries, causing pain, suffering, mental anguish and pecuniary loss both now and in the future.

## COUNT I

20. BARRIOS re-alleges, restates and incorporates paragraphs 1-19 of this Complaint as if fully set forth herein.

21. The Defendants' actions amounted to an excessive use of force unto BARRIOS and violated his Fourth Amendment right to be free from unreasonable seizure.

22. The above-referenced actions of the Defendant constitute and amount to excessive force in violation of 42 U.S.C. § 1983 and the United States Constitution.

23. The aforementioned actions of Defendant ZOHFELD were the direct and proximate cause of the constitutional violations set forth above.

**WHEREFORE,** the Plaintiff, DAVID BARRIOS, by and through his attorney, ZANE D. SMITH & ASSOCIATES, LTD. respectfully requests that this Honorable Court enter judgment against OFFICER ZOHFELD in his favor and award him compensatory damages, punitive damages, attorney's fees, the costs incurred in this matter and any further relief for Plaintiff that this Honorable Court deems fair and just.

## COUNT II

24. BARRIOS re-alleges, restates and incorporates paragraphs 1-23 of this Complaint as if fully set forth herein.

25. The Defendants' actions amounted to an excessive use of force unto BARRIOS and violated his Fourth Amendment right to be free from unreasonable seizure.

26. The above-referenced actions of the Defendant constitute and amount to excessive force in violation of 42 U.S.C. § 1983 and the United Constitution.

27. The aforementioned actions of Defendant GULLI were the direct and proximate cause of the constitutional violations set forth above.

**WHEREFORE,** the Plaintiff, DAVID BARRIOS, by and through his attorney, ZANE D. SMITH & ASSOCIATES, LTD, respectfully requests that this Honorable Court enter judgment against OFFICER GULLI in his favor and award him compensatory damages, punitive damages, attorney's fees, the costs incurred in this matter and any further relief for Plaintiff that this Honorable Court deems fair and just.

## COUNT III

28. BARRIOS re-alleges, restates and incorporates paragraphs 1-27 of this Complaint as if fully set forth herein.

29. The acts of the Defendant, ZOHFELD, as described above, were affirmative acts intended to cause an unpermitted contact of a harmful and/or offensive nature to which BARRIOS did not consent, and thus constitute assault and battery under the laws and constitution of the State of Illinois. Further, said acts directly and proximately caused the Plaintiff's injuries, pain and suffering as alleged above.

30. The acts of the Defendant, ZOHFELD, as described above, placed the Plaintiff in apprehension of receiving a battery, and this constituted assault under the laws and constitution of the State of Illinois.

**WHEREFORE**, Plaintiff DAVID BARRIOS, by and through his attorney, ZANE D. SMITH & ASSOCIATES, LTD. demands compensatory damages from the Defendant, OFFICER ZOHFELD. The Plaintiff also demands punitive damages and costs and whatever additional relief for the Plaintiff this Court deems equitable and just.

## COUNT IV

31. BARRIOS re-alleges, restates and incorporates paragraphs 1-30 of this Complaint as if fully set forth herein.

32. The acts of the Defendant, OFFICER GULLI, as described above, were affirmative acts intended to cause an unpermitted contact of a harmful and/or offensive nature to which BARRIOS did not consent, and thus constitute assault and battery under the laws and constitution of the State of Illinois. Further, said acts directly and proximately caused the Plaintiff's injuries, pain and suffering as alleged above.

33. The acts of the Defendant GULLI, as described above, placed the Plaintiff in apprehension of receiving a battery, and this constituted assault under the laws and constitution of the State of Illinois.

**WHEREFORE**, Plaintiff DAVID BARRIOS, by and through his attorney, ZANE D. SMITH & ASSOCIATES, LTD., demands compensatory damages from the Defendant, OFFICER GULLI. The Plaintiff also demands punitive damages and costs and whatever additional relief for the Plaintiff this Court deems equitable and just

## COUNT V

34. BARRIOS, re-alleges, restates and incorporates paragraphs 1-33 of this Complaint as if fully set forth herein.

35. At all times material and relevant, the Defendant, OFFICER ZOHFELD, owed BARRIOS a duty to exercise reasonable care during his interaction with him, including but not limited to, during his detention of the Plaintiff.

36. Notwithstanding said duty, OFFICER ZOHFELD engaged in the following willful and wanton conduct:

   a. Forceful and violently struck BARRIOS on his arm, tackled him and applied handcuffs, absent any provocation, causing fracture, contusions, swelling and numbness of the Plaintiff's arm;

   b. Caused BARRIOS to remain in the office of the school for an extended period of time; and

   c. Otherwise acted with reckless disregard for the health, safety, and medical needs of BARRIOS.

37. As a proximate result of the above-referenced conduct, BARRIOS sustained severe and permanent injuries, endured pain and suffering and sustained further damages.

**WHEREFORE**, the Plaintiff, DAVID BARRIOS, by and through his attorney, ZANE D. SMITH & ASSOCIATES, LTD., demands compensatory damages from Defendant, ERIK ZOHFELD. The Plaintiff also demands punitive damages and costs and whatever additional relief for Plaintiff this Court deems equitable and just.

## COUNT VI

38. BARRIOS, re-alleges, restates and incorporates paragraphs 1-37 of this Complaint as if fully set forth herein.

39. At all times material and relevant, the Defendant, OFFICER GULLI, owed BARRIOS a duty to exercise reasonable care during his interaction with him, including but not limited to, during his detention of the Plaintiff.

40. Notwithstanding said duty, OFFICER GULLI engaged in the following willful and wanton conduct:

    a. Forceful and violently struck BARRIOS, tackled him and applied handcuffs, absent any provocation, causing contusions, swelling, numbness and severe injuries to the Plaintiff;

    b. Otherwise acted with reckless disregard for the health, safety, and medical needs of BARRIOS.

41. As a proximate result of the above-referenced conduct, BARRIOS sustained severe and permanent injuries, endured pain and suffering and sustained further damages.

**WHEREFORE**, the Plaintiff, DAVID BARRIOS, by and through his attorney ZANE D. SMITH & ASSOCIATES, LTD., demands compensatory damages from Defendant, OFFICER GULLI. The Plaintiff also demands punitive damages and costs and whatever additional relief for Plaintiff this Court deems equitable and just.

## COUNT VII

42. BARRIOS re-alleges, restates and incorporates paragraphs 1-41 of this Complaint as if fully set forth herein.

43. At all times material and relevant, the Defendant MIDLOTHIAN, by and through its security officers, owed BARRIOS a duty to exercise reasonable care during their interactions with him, including but not limited to, during their detention of the Plaintiff.

44. Notwithstanding said duties, MIDLOTHIAN, by and through said security officers, engaged in the following willful and wanton conduct:

    a. Forceful and violently struck BARRIOS, tackled him and

applied handcuffs, absent any provocation, causing contusions, swelling, numbness and severe injuries to the Plaintiff;

b. Otherwise acted with reckless disregard for the health, safety, and medical needs of BARRIOS.

45. As a proximate result of the above-referenced conduct, BARRIOS sustained severe and permanent injuries, endured pain and suffering and sustained further damages.

**WHEREFORE**, the Plaintiff, DAVID BARRIOS, by and through his attorney, ZANE D. SMITH & ASSOCIATES, LTD., demands judgment against MIDLOTHIAN, and such other additional relief for Plaintiff as this Court deems equitable and just.

## **COUNT VIII**

46. BARRIOS re-alleges, restates and incorporates paragraphs 1-45 of this Complaint as if fully set forth herein.

47. The Defendant, OFFICER ZOHFELD, was at all times relevant to this complaint an employee of MIDLOTHIAN, and engaged in the conduct complained of in the course and scope of his employment and while he was on duty.

48. MIDLOTHIAN is, and was at all times material to this complaint, the employer and principal of the Defendant, OFFICER ZOHFELD.

49. The aforesaid acts of OFFICER ZOHFELD were within the scope of his employment as a member of the Midlothian Police Department, was willful and wanton, and therefore the Defendant, MIDLOTHIAN, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

**WHEREFORE,** the Plaintiff, DAVID BARRIOS, by and through his attorney, ZANE D. SMITH & ASSOCIATES, LTD., demands judgment against Defendant, MIDLOTHIAN, and such other additional relief for Plaintiff as this Court deems equitable and just.

## **COUNT IX**

50. BARRIOS re-alleges, restates and incorporates paragraphs 1-49 of this Complaint as if fully set forth herein.

51. The Defendant, OFFICER GULLI, was at all times relevant to this complaint an employee of MIDLOTHIAN, and engaged in the conduct complained of in the course and scope of his employment and while he was on duty.

52. MIDLOTHIAN is, and was at all times material to this complaint, the employer and principal of the Defendant, OFFICER GULLI.

53. The aforesaid acts of OFFICER GULLI were within the scope of his employment as a member of the Midlothian Police Department, was willful and wanton, and therefore the Defendant, MIDLOTHIAN, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

**WHEREFORE,** the Plaintiff, DAVID BARRIOS, by and through his attorney, ZANE D. SMITH & ASSOCIATES, LTD., demands judgment against Defendant, MIDLOTHIAN, and such other additional relief for Plaintiff as this Court deems equitable and just.

## COUNT X

54. BARRIOS re-alleges, restates and incorporates paragraphs 1-53 of this Complaint as if fully set forth herein.

55. The Defendant OFFICER ZOHFELD was at all times relevant to this complaint an employee of MIDLOTHIAN, and engaged in the conduct complained of in the course and scope of his employment while he was on duty.

56. MIDLOTHIAN is, and was at all times material to this complaint, the employer and principal of the Defendant, OFFICER ZOHFELD.

57. The aforesaid acts of OFFICER ZOHFELD were within the scope of his employment as the Vice Principal at MIDLOTHIAN, and under color of the law and therefore the Defendant, MIDLOTHIAN, as principal, is liable for the actions of its agents under 745 ILCS 10/102.

**WHEREFORE**, should the Defendant, OFFICER ZOHFELD be found liable for the acts alleged in paragraphs one through sixty-two above, Plaintiff demands that pursuant to 745 ILCS 10/9-102, MIDLOTHIAN pay any judgment obtained against Defendant, OFFICER ZOHFELD, in connection with this litigation and such other additional relief for Plaintiff, as this Court deems equitable and just**.**

## COUNT XI

58. BARRIOS re-alleges, restates and incorporates paragraphs 1-57 of this Complaint as if fully set forth herein.

59. The Defendant OFFICER GULLI was at all times relevant to this complaint an employee of MIDLOTHIAN, and engaged in the conduct complained of in the course and scope of his employment while he was on duty.

60. MIDLOTHIAN is, and was at all times material to this complaint, the employer and principal of the Defendant, OFFICER GULLI.

61. The aforesaid acts of OFFICER GULLI were within the scope of his employment as the Vice Principal at MIDLOTHIAN, and under color of the law and therefore the Defendant, MIDLOTHIAN, as principal, is liable for the actions of its agents under 745 ILCS 10/102.

**WHEREFORE,** should the Defendant, OFFICER GULLI be found liable for the acts alleged in paragraphs one through sixty-six above, Plaintiff demands that pursuant to 745 ILCS 10/9-102, MIDLOTHIAN pay any judgment obtained against Defendant, OFFICER GULLI, in connection with this litigation and such other additional relief for Plaintiff, as this Court deems equitable and just

## COUNT XII

62. BARRIOS re-alleges, restates and incorporates paragraphs 1-61 of this Complaint as if fully set forth herein.

63. The Defendant, MIDLOTHIAN, was under a duty to investigate and hire properly trained, qualified and appropriate individuals.

64. The defendant breached its duty in one or more of the following ways:

      a.      Hired personnel with inadequate knowledge, training or experience; and

      b.      Hired personnel with violent dispositions.

65.      As a direct and proximate result of the aforesaid, Plaintiff suffered injuries of a personal and pecuniary nature, included but not limited to medical expenses, pain and suffering, and physical and emotional trauma, all of which are permanent. Because of the injuries sustained, he was and will be hindered and presented from attending to his usual duties and affairs; and has spent and will spend and become liable for large sums of money, for hospital, and medical services during his recovery.

**WHEREFORE**, the Plaintiff DAVID BARRIOS, by and through his attorney, ZANE D. SMITH & ASSOCIATES, LTD., demands judgment against Defendant MIDLOTHIAN, and such other additional relief for Plaintiff as this Court deems equitable and just.

## **COUNT XIII**

66.      BARRIOS re-alleges, restates and incorporates paragraphs 1-65 of this Complaint as if fully set forth herein.

67.      Defendant MIDLOTHIAN, was under a duty to properly train and supervise their employees.

68.      The Defendant, MIDLOTHIAN, knew its employees would have to insert themselves in the middle of verbal and physical conflicts in the course of their employment.

69.      The Defendant, MIDLOTHIAN, breached its duty to Plaintiff by one or more of the following acts or omissions:

      a.      Failed to train its employees in the proper use of physical force;

      b.      Failed to monitor its employees to ensure that they did not lose emotional control during the performance of their job;

      c.      Failed to monitor its employees to ensure that they did not apply excessive force; and

      d.      Was otherwise willful, wanton and careless in its supervision of its employees.

**WHEREFORE**, the Plaintiff, DAVID BARRIOS, by and through his attorney, ZANE D. SMITH & ASSOCIATES, LTD., demands judgment against Defendant MIDLOTHIAN, and such other additional relief for the Plaintiff as this Court deems equitable and just.

Respectfully submitted,
ZANE D. SMITH & ASSOCIATES, LTD.

By: //s/ Zane D. Smith
Zane D. Smith, One of Plaintiff's Attorneys

Zane D. Smith
Michael C. Goode
ZANE D. SMITH & ASSOCIATES, LTD.
415 North LaSalle Street
Suite 501
Chicago, Illinois 60654
Phone: (312) 245-0031